■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK C. HULSTRUNK, Appellant. [46 NYS3d 443]—

Rose, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered July 29, 2014, convicting defendant upon his plea of guilty of the crime of menacing a police officer.

Defendant waived indictment and pleaded guilty to a superior court information charging him with menacing a police officer. Pursuant to a plea agreement, which included a waiver of appeal and satisfied other charges, defendant was sentenced to time-served and five years of probation. He now appeals.

---

Initially, defendant's challenge to his guilty plea as not knowing, voluntary and intelligent survives his unchallenged waiver of appeal, but it was not preserved by an appropriate postallocution motion (*see People v Hernandez*, 140 AD3d 1521, 1522 [2016], *lv denied* 28 NY3d 971 [2016]). Nor did defendant's allocution trigger the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]). However, defendant's challenge to his sentence as illegal is not precluded by the waiver of appeal (*see People v Howland*, 130 AD3d 1105, 1105 [2015], *lv denied* 26 NY3d 1089 [2015]) and, since this claim is evident on the face of the record, it is reviewable despite defendant's failure to timely object on this ground (*see People v Santiago*, 22 NY3d 900, 903 [2013]; *People v Nieves*, 2 NY3d 310, 315-316 [2004]; *People v Fishel*, 128 AD3d 15, 17-18 [2015]).

As defendant argues, and the People concede, the sentence imposed is illegal. The crime of menacing a police officer is a class D violent felony offense (*see* Penal Law §§ 70.02 [1] [c]; 120.18) for which a determinate prison sentence of between two and eight years is required (*see* Penal Law § 70.02 [2] [b-1]; [3] [c] [i]). Given that "an illegal sentence cannot stand, and the entire sentence is part and parcel of the plea bargain," the sentence must be vacated in its entirety (*People v Collier*, 79 AD3d 1162, 1163 [2010] [internal quotation marks and citations omitted]). Accordingly, we remit to County Court for resentencing pursuant to the governing sentencing statutes and to provide both parties with the opportunity to withdraw from the plea agreement (*see People v DePerno*, 92 AD3d 1089, 1090 [2012]; *People v Collier*, 79 AD3d at 1163).

McCarthy, J.P., Garry, Lynch and Aarons, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Saratoga County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.